**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  04-21402-CIV-HUCK/SIMONTON**
<u>**CONSENT CASE**</u>

**ALLSTATE INSURANCE COMPANY, et al.,**

      **Plaintiffs,**

**v.**

**MIKHAIL PALTEROVICH, et al.,**

      **Defendants.**
_____/

<u>**ORDER DENYING DEFENDANT KLIGER'S MOTION TO VACATE DEFAULT**</u>

Presently pending before this Court is Defendant Gregory Kliger's Motion to Vacate Default (DE # 415).  Plaintiffs have responded in opposition to the motion (DE # 432). Defendant Kliger was granted an extension of time until October 23, 2006 to reply, but no reply has been filed.[1]

On May 15, 2006, the undersigned entered a default judgment as to liability against Defendant Kliger.  The entry of default was based on Kliger's failure to comply with: 1) discovery orders; 2) court orders to provide contact information; 3) court orders to attend a pretrial conference; and 4) the Court's order to show cause why a default should not be entered against him (DE # 401).

Two months later, Defendant Kliger retained counsel (DE # 413), and filed the present motion.  In the motion, Kliger alleges that vacating his default will not slow down the case or prejudice any party.  Kliger's counsel further represents that he obtained Kliger's telephone number by contacting directory assistance.  Kliger further contends that his prior counsel stated that Plaintiffs' counsel had visited prior counsel's office and reviewed

_____

[1] Plaintiffs assert that on November 27, 2006, Defendant Kliger's counsel informed them by telephone that Kliger did not intend to file a reply (DE # 446 at 2, ¶7).

documents, but had refused to take the key to the New York warehouse.  Kliger's counsel states that he will take all appropriate actions to comply with Plaintiff's discovery requests.  In support of his motion, Kliger relies upon Fed.R.Civ.P. 55(c), 60(a) and (b).  Kliger states that his actions should be excused because he was:  1) not represented by counsel; 2) actively attending to his medical practice; and 3) dealing with the New York criminal investigation (DE # 415).  Plaintiffs oppose Kliger's motion on the grounds, *inter alia*, that: 1) relief is not justified since the entry of a default was based on Kliger's own culpable conduct in failing to comply with the Court's orders; 2) Kliger has not established a meritorious defense; and 3) Plaintiffs will suffer substantial prejudice if the default is vacated (DE # 432).[2]

Having reviewed the record as a whole, the undersigned denies Kliger's Motion to Vacate Default.  Defendant Kliger has failed to establish excusable neglect or any other meritorious basis for vacating the entry of the default judgment as to liability.  Kliger has not shown how his failure to retain counsel, his involvement with the New York criminal investigation, and his medical practice establish excusable neglect and/or good cause for failing to comply with the Court's orders.  In fact, Kliger has not filed an affidavit to support his motion's factual representations.  Also, Kliger has not alleged a meritorious defense in the motion, and has not stated why it took him more than two months to file his motion to vacate the default judgment.

The undersigned also disagrees with Kliger's assertion that his actions have not slowed the progress of the litigation.  Kliger has continued to disobey the Orders of this

---

[2]  Plaintiffs also contend that relief from the default is not permitted under Fed. R. Civ. P. 55(c) since the default was not based on Defendant's failure to plead or otherwise defend the action; and that relief is not permitted under Rule 60(b) since no final judgment has been entered.  Even assuming Plaintiffs are correct, however, this Court would have jurisdiction to entertain the motion as a motion for reconsideration.

Court that he use his best efforts to provide Plaintiffs' counsel with access, as soon as possible, to documents which were stored in a warehouse location in New York, but which may now be controlled by the FBI (DE ## 390, 394).  This failure by Kliger has thwarted the progress of this litigation and has prejudiced Plaintiffs.  Moreover, Kliger continues to fail to obey his discovery responsibilities.  Plaintiffs subpoenaed Kliger for deposition on March 1, 2007 and Kliger did not appear (DE # 458 at 3, ¶5).  While Kliger did move for a protective order regarding the deposition, he did not serve the motion until the day before the deposition, and he did not file the motion with the Court until March 5, 2007, four days after he was to have appeared for his deposition (DE # 457).

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Defendant Gregory Kliger's Motion to Vacate Default (DE # 415), is **DENIED**.

**DONE AND ORDERED** in chambers at Miami, Florida, on March 15, 2007.

*Andrea M. Simonton*

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
All counsel of record and *pro se* parties

3