UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-21402-CIV-HUCK/SIMONTON
<u>CONSENT CASE</u>

**ALLSTATE INSURANCE COMPANY, et al.**

    Plaintiffs,

v.

**MIKHAIL PALTEROVICH, et al.,**

    Defendants.
_____/

<u>ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS
AND ENTERING DEFAULT JUDGMENT AS TO LIABILITY AGAINST
MIKHAIL PALTEROVICH, SUN STATE DIAGNOSTIC, INC. AND
CONTINENTAL CONSULTING, INC. AS TO LIABILITY</u>

Presently pending before this Court is Plaintiffs' Consolidated Motion for Discovery Sanctions Pursuant to Fed. R.Civ. P. 37 against Defendants, Mikhail Palterovich, Sun State Diagnostic, Inc. ("Sun State") and Continental Consulting, Inc. ("Continental") (collectively, "Defendants") (DE # 491). Upon the consent of the parties, this case has been referred to the undersigned Magistrate Judge by the Honorable Paul C. Huck, United States District Judge, to take all necessary and proper action to conclude this case, including the entry of final judgment (DE # 278). Various hearings have been held regarding the failure of these defendants to participate in these proceedings and comply with the Orders of this Court. For the reasons stated herein, which include an illustrative, but not an exhaustive, account of the Defendants' refusal to participate in these proceedings, Plaintiffs' motion is **GRANTED,** the Answer filed by these Defendants (DE # 215) is stricken, and a default judgment as to liability against Defendants is hereby entered.

I.      Legal Standard for Default Judgment as a Sanction

It is well-settled that this Court has the authority to sanction a party who has failed to comply with discovery orders by entering a default judgment against it. Fed. R. Civ. P. 37(b)(2). The extreme sanction of a default judgment is only warranted, however, where a court finds "(1) that the party exhibited a willful or bad faith failure to obey a discovery order; (2) that the moving party was prejudiced by that violation; and (3) that a lesser sanction would fail to punish the violation adequately and would not ensure future compliance with court orders." *Immuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 571 (S.D. Fla. 2001) (citing, *inter alia*, *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 542 (11th Cir. 1993)).

II.     Background

The voluminous motions filed by Plaintiffs' (hereinafter referred to as "Allstate") in these proceedings provide a detailed picture of Defendants' discovery abuses that pervaded the discovery process (DE ## 301, 347, 491).[1] Though the gravity of Defendants' misconduct is most vivid when their pattern of non-compliance with the discovery rules and this Court's orders is viewed at a distance, over the course of this case as a whole, their most egregious violations relate to four discrete instances in which they (1) violated this Court's orders requiring them to respond to Allstate's first request for production of documents; (2) violated a separate order of this Court requiring

---

[1]     Allstate first filed a motion for sanctions against Defendants for their failure to respond to its first request for the production of documents (DE # 301), which this Court abated (DE # 394). Allstate filed a second motion for sanctions against Defendants for their failure to respond to interrogatories (DE # 347), which this Court abated (DE # 412). In abating their prior motions for sanctions, this Court provided that those motions could be consolidated and reactivated thirty days from the completion of Mr. Palterovich's deposition. It is that consolidated and reactivated motion that is presently pending before this Court.

them to appear at a continued deposition; (3) failed to timely respond to Allstate's interrogatories; and, finally, (4) ignored this Court's order to show cause why a default judgment should be entered against them and to file a notice of appearance by new counsel or a notice to appear *pro se*.

To be clear, however, this Order does not recount each instance in which Defendants' persistent absenteeism and neglect of their obligations under the Federal and Local Rules have tainted these proceedings.  This Court harbors no doubt that Defendants' repetitive disobedient conduct is a function of its purposeful and bad faith contempt for this Court's authority.  Moreover, the long and tortured history of this case leads to the inescapable conclusion that, short of entering a default judgment against them, this Court is unable to prevent Defendants' from continuing to perpetrate its discovery abuses that have prejudiced the opposing parties and interfered with this Court's ability to efficaciously manage its docket.  It is, therefore, appropriate to issue a default judgment against Defendants and to award Allstate the reasonable value of the fees and costs they expended in pursuit of their valid discovery requests.

Defendants' offered the first glimpse into the practices that would carry them throughout this case when they failed to respond to Allstate's complaint for nearly four months.  It was only after a Clerk's Default had been entered against them, that their counsel first made an appearance in this case, in order to contend that the default should be vacated because Mr. Palterovich had been out of the country during that time (DE # 211).

   A. <u>Failure to Comply with Court Orders to Respond to First Request for Production of Documents</u>

Then, on April 29, 2005, having granted their motion to vacate the Clerk's Default,

3

this Court – after granting several motions for extensions of time – entered an order that required Defendants to respond to Allstate's first request for production ("Request for Production") by May 10, 2005 (DE # 266 at ¶ 3).[2]  Based on Defendants' unwillingness to comply with the Federal and Local Rules up to that point, for each instance in which Defendants could not produce any responsive documents to a discovery request by Allstate, the Court required a "line by line" explanation of the effort Defendants made to obtain the requested documents and the reasons why the requested materials could not be produced (DE # 266 at ¶ 4).

At the June 15, 2005 discovery conference, when it was established that Defendants had refused to comply with the detailed and unequivocal order requiring them to respond to Allstate's Request for Production, Defendants' counsel was unable to explain the breach because his client, who was traveling extensively out of the country, could not be reached (DE # 292).  At that hearing, the Court permitted Mr. Palterovich the opportunity to file an affidavit demonstrating good cause for his failure to participate in discovery and comply with the Court's order.  Mr. Palterovich filed an affidavit claiming that he was waylaid by a medical emergency while traveling in Russia (DE # 298).

Notwithstanding the well-founded skepticism with which Allstate has viewed Mr. Palterovich's claims that he was actually suffering from the purported illness that precluded his ability to produce meaningful discovery,[3] Mr. Palterovich's medical

---

[2]    Defendants' opportunity to object to the discovery requests were deemed waived (DE # 266 at ¶ 2).

[3]    Allstate has pointed out that the only corroborating evidence of his medical condition that was filed contemporaneously with his "good-cause" affidavit (DE # 298) was a single note purportedly written by a Russian doctor (DE # 301 at 13); and

condition fails to excuse Defendants' misconduct. First, there is no dispute that Mr. Palterovich's illness *vel non* did not arise until Defendants' discovery responses were two months past due (DE # 371 at 8). Moreover, Mr. Palterovich's "medical emergency" consisted, at most, only of intermittent panic attacks (DE # 491-1 at 11) and was neither so severe nor so longstanding as to excuse Defendants' ongoing failure to cure their non-compliance with this Court's discovery orders on that basis alone.

Despite producing what can only be generously described as a trickle of responsive documents in the face of imminent discovery sanctions, and six months after being served with Allstate's Request for Production, Defendants' responses to the majority of requests, in sum, amounted to the following claim: Defendants either do not possess or are unaware of the existence of the requested corporate documents because Mr. Palterovich did not participate in the management of Sun State Diagnostic, Inc. and Continental Consulting, Inc.; or, those documents are in the possession of other parties, such as co-defendant Dmitry Steyman and Defendants' accounting firm (DE # 301 at 5, ¶ 20, 24-25; DE # 301 at 129-35; DE # 301 at 175-82).[4]

That other parties or entities may have copies of some responsive documents is somewhat of a *non sequitur* with regard to Defendants' discovery responses, since Federal Rule of Civil Procedure 34 encompasses materials within "the possession, custody or control" of Defendants, who have failed to advance any cogent or plausible

---

that no mention of any health condition had been mentioned until this Court gave Defendants' one last, clear chance to explain their failure to comply with its Orders before imposing sanctions (DE # 491-1 at 10).

[4]     A large number of Defendants' responses offered no explanation at all for their failure to produce the requested documents, merely stating that Defendants were simply not in possession of them or were unaware of their existence (DE # 301 at 175-82).

explanation for why the most fundamental of corporate records are outside the scope of their possession, custody or control.  And, in any event, the fact that some other parties may be able to produce those documents does not relieve Defendants of their obligation to comply with valid discovery requests and the clear orders of this Court.  See *Jaffe v. Grant*, 793 F.2d 1182, 1190 (11th Cir. 1986) (permitting imposition of discovery sanctions despite defendants' "claim that [their] attorney has possession of the documents sought" in discovery request); *U & I Corp. v. Advanced Med. Design*, 2007 U.S. Dist. LEXIS 58055, at *9 (M.D. Fla. 2007).

This Court also notes its incredulity, especially considering the absence of any corroborative evidence to support his conclusory claim, that Mr. Palterovich lacks any involvement in the management or operations of one corporate entity (Continental Consulting, Inc.) of which he is the sole officer and shareholder and another (Sun State Diagnostic, Inc.) of which he was an officer and shareholder (DE # 371 at 25, ¶ 1). Defendants – including Mr. Palterovich – are presumed to possess or control their own corporate records, and have utterly failed to present any convincing rationale to explain their inability to produce even the most basic of materials (DE # 371 at 6-7).  Even if Defendants had adequately explained why they did not have immediate possession of their corporate records, they failed to describe an effort of sufficient magnitude to satisfy their obligation under the Federal Rules to reasonably inquire into the factual basis of his discovery responses to determine whether the documents existed or were capable of being produced.[5]

---

[5] During his deposition, Mr. Palterovich originally claimed that he did not discuss his production of discovery with his wife or co-defendants, but upon returning from the lunch break, amended his response to assert that, in fact, he did contact his wife, a co-defendant and a secretary (whose name escapes his recollection) in an effort

In short, even after accepting all of Defendants' unsubstantiated excuses as true, this Court does not hesitate to conclude that Defendants' anemic response to Allstate's first request for production of documents constitutes a willful breach of the Federal Rules and a contumacious disregard for the orders promulgated by this Court.

B.   <u>Failure to Comply with Court Order to Continue Deposition</u>

As though that were not enough, Mr. Palterovich – individually and in his capacity as a corporate representative of Continental Consulting, Inc. and Sun State Diagnostics, Inc. – cancelled at least five scheduled depositions during a one-year stretch (DE # 491-1 at 15), and did not finally appear for his deposition until this Court specifically ordered him to do so (DE # 392).[6]  When this Court ordered Mr. Palterovich to provide additional deposition testimony at the April 27, 2006 status conference, he rejected all of Allstate's proposed dates to sit for deposition, citing his travel obligations, without proposing any alternative dates of his own.

This pattern continued, requiring Allstate to draft and send repeated correspondence to attempt to accommodate Mr. Palterovich's schedule (DE # 491-1 at 15), and three separate orders of this Court (DE # 412 at ¶ 4(a)) (DE # 438 at ¶ 1) (DE # 448).  Only in the shadow of a looming sanctions order in December 2006, did Mr. Palterovich finally agree to appear for his continued deposition (DE # 448), but that deposition was repeatedly reset at Defendants' request (DE # 480).  Finally, after Mr.

---

to comply with Allstate's discovery requests (DE # 491-1 at 8-9).

[6]   Despite the Court's pointed suggestion that he use his mandatory attendance at deposition as an opportunity to cure his inadequate responses to Allstate's requests for the production of documents, as described above, Mr. Palterovich failed to supplement his discovery responses with meaningful, relevant materials at that deposition (DE # 491-1 at 7-8).

**Palterovich finally selected May 31 and June 1, 2007 as suitable dates to conduct a continued deposition, he failed to appear without providing any advance notice of his absence or explanation for his violation of this Court's order to continue his deposition (DE # 480). Once again, at a telephonic hearing on June 28, 2007, Mr. Palterovich's counsel offered no acceptable justification for his client's absence, except to say that he had not been able to contact Mr. Palterovich for months (DE # 480). At that hearing, the undersigned entered an order requiring Mr. Palterovich to show cause why a default judgment as to liability should not be entered against him for his repeated failures to appear for deposition and to comply with his discovery obligations generally throughout the life of these proceedings (DE # 480). Defendants never responded to that order.**

    **C.**     <u>**Failure to Respond to Order to Respond to Allstate's Consolidated Motion for Sanctions and to Show Cause Why a Default Judgment as to Liability Should Not Be Entered**</u>

**After Mr. Palterovich failed to respond to this Court's order to show cause why a default judgment should not be entered against him for, *inter alia*, failing to comply with this Court's order that he appear for a continued deposition, Allstate filed the instant motion, in which it consolidated its previously abated sanctions motions and included facts and allegations pertaining to Defendants' most recent discovery abuses (DE # 491-1). That motion was filed on August 2, 2007, and this Court granted Defendants an extension of time, allowing them to respond on or before October 1, 2007 (DE # 502). Defendants never responded to Defendants' consolidated motion for sanctions.[7]**

**At the September 27, 2007 status conference, it was established that Defendants**

---

[7]     Although the docket indicates that a response was filed on September 7, 2007 (DE # 500), that docket entry actually reflects Defendants' motion for an extension of time to respond, which Defendants incorrectly filed as a "response" (DE # 501).

had not yet responded to Allstate's latest motion for sanctions, and Defendants' counsel once again reported that he was unable to contact his clients and sought to withdraw from representing them. This Court finally granted Defendants' counsel's request to withdraw as counsel after requiring him to forward a copy of the order to show cause and providing the Court with Defendants' contact information (DE # 505). And, in an attempt to give Defendants one last, clear chance to avoid the entry of a default judgment against them, this Court set an October 12, 2007 deadline for Defendants to comply with its order to obtain new counsel and to file a response to Defendants' consolidated motion for sanctions – including supporting affidavits – to justify their failure to participate in discovery and follow this Court's orders (DE # 505).[8] This Court's most recent order to show cause has also been met with silence from Defendants.

### III.   Prejudice to Allstate

The prejudice to Allstate resulting from Defendants' discovery abuses is clear. To begin, this Court notes its disdain for the unnecessary and substantial investment of time, effort and expense that Allstate was forced to expend in order to squeeze the most basic and relevant information from Defendants while contending with their legally frivolous and factually dubious excuses. Surely, that time and energy could have been better spent by Allstate to prepare its case against Defendants' alleged co-conspirators, and the documents that Defendants have failed to produce – despite their obligation to do so – could presumably be put to use in those cases as well.

Defendants' failure to produce documents responsive to Allstate's requests have

---

[8]   Mr. Palterovich was given the additional option of filing a notice to appear *pro se* rather than obtaining new counsel, an opportunity that was obviously not available to the corporate defendants.

undoubtedly constrained Allstate's ability to inquire upon probative matters that would not be apparent to them without the opportunity to examine pertinent documentary materials (DE # 491-1 at 18).  Assuming Defendants' non-compliance with this Court's order to produce documents could be remedied by other forms of discovery, it is clear that Defendants' have foreclosed that possibility by failing to comply with other discovery-related orders, such as those mandating Mr. Palterovich's attendance at continued deposition (DE # 491-1 at 19).  As a result of Defendants' unabashed and unmitigated neglect of their discovery obligations, Allstate has simply been deprived of any reasonable opportunity to effectively prosecute its case against them.

### IV.     The Futility of Less Severe Sanctions

Far from the ideal utilization of the discovery procedures, which requires no judicial intervention at all, *see Cotton v. Hinton*, 559 F.2d 1326, 1332 (5th Cir. 1977), Defendants are seemingly content to burden this Court with the responsibility to drag them, "kicking and screaming," through the process.  *Carlucci v. Piper Aircraft Corp.*, 102 F.R.D. 472, 489 (S.D. Fla. 1984).  No longer will this Court issue orders that, at best, will be met with unsworn and unsubstantiated excuses or, at worst, will go completely ignored.  Not only have Defendants have amassed a near-perfect record of delaying and evading Allstate's invitations to participate in discovery and not only have they managed to disregard an impressive number of this Court's orders, but their responsiveness to their own counsel has been so dismal that this Court recently granted his repeated requests to withdraw from representing them (DE # 505 at 1).  In short, Defendants have exhausted this Court's reservoir of patience and the undersigned has no hope that imposing more or different sanctions will serve to abate the slights that Defendants have visited upon the integrity of these proceedings.

### V. Attorneys' Fees and Costs

#### A. Disobedience of Court Orders to Respond to Discovery and Attend Continued Deposition

Upon a party's failure "to obey an order or permit discovery," including an order granting a motion to compel, the Court may, "in addition" to other sanctions, "require the party failing to obey the order . . . to pay the reasonable expenses, including attorneys' fees, caused by the failure." Fed. R. Civ. P. 37(b)(2). The imposition of attorneys' fees and costs is also permitted as a sanction against a party that fails to appear at a properly noticed deposition. Fed. R. Civ. P. 37(d). For all the reasons stated above, this Court finds that Defendants' conduct relating to its resistance to obey this Court's orders regarding Allstate's first request for production of documents, as well as this Court's order to appear for continued deposition, was not substantially justified and that Defendants shall be liable to compensate Allstate for the attorneys' fees and expenses they incurred in relation to those discovery matters.

#### B. Failure to Timely Respond to Interrogatories

In addition, this Court finds that Defendants' failure to timely respond to Allstate's interrogatories is sanctionable through the imposition of an award of attorneys' fees and costs. After serving its interrogatories on Defendants in September 2005, Allstate filed a motion to compel and for sanctions after receiving no response for nearly three months (DE # 347). On March 27, 2006, Defendants' counsel filed an affidavit, in which he admitted that Defendants' filed its interrogatory responses in February 2006, almost five months after they were filed. (DE # 392 at 3). In such circumstances, where

> the disclosure of requested discovery is provided after the motion was filed . . . the court shall . . . require the party . . . whose conduct necessitated the motion . . . to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that . . .

the opposing party's non[-]response was substantially justified." Fed. R. Civ. P. 37(a)(4).  *See also Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997).

The undersigned disagrees with Defendants' assertion that their dilatory interrogatory responses were "substantially justified," and, therefore, undeserving of sanctions.  *See Jaffe v. Grant*, 793 F.2d 1182, 1190 (11th Cir. 1986) (holding that neither defendants' "health problems" nor "incarceration at various correctional institutions" excused their "repeated, nonresponsive, evasive and incomplete answers to interrogatories").[9]

The fact that Defendants have had ample opportunity to be heard on this matter is irrefutable.  Not only did this Court entertain Defendants' explanation for their delayed discovery responses, including their suggestion that Allstate's request for sanctions be abated (DE # 392), but Defendants have also been given a second opportunity to provide their side of the story in their response to Allstate's instant consolidated motion for sanctions (DE # 491) and this Court's orders to show cause (DE ## 480, 505).  Defendants' failure to respond to the Orders to Show Cause, and their failure to provide the necessary information regarding their continued participation in this lawsuit after the withdrawal of their counsel, is perplexing and leads to the inescapable conclusion that lesser sanctions will not suffice, and the ultimate sanction of default judgment is the only appropriate sanction.

---

[9] Defendants claimed that the imposition of sanctions in relation to their late interrogatory responses would be unjust in light of the facts that: (1) Mr. Palterovich's presence in Russia created unnamed "problems" that inhere in "long[-]distance representation;" (2) Mr. Palterovich's English is "far from fluent;" and (3) Mr. Palterovich "had been ill" (DE # 392 at 4).

VI.     Conclusion

Defendants have willfully failed to comply with this Court's orders regarding its obligations to respond to Allstate's request for production; to appear for a continued deposition; and to show cause, which cumulatively merit the entry of a default judgment as a sanction because this discovery misconduct has resulted in prejudice to Allstate and is not capable of being remedied by a less severe sanction.  Defendants are liable for reasonable attorneys' fees and costs stemming from those discovery abuses and their neglect of multiple court orders, as well as those fees and costs incurred by Allstate in connection with Allstate's efforts to obtain timely responses to its interrogatories.

Accordingly, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Consolidated Motion for Discovery Sanctions Pursuant to Fed. R.Civ. P. 37 against Defendants, Mikhail Palterovich, Sun State Diagnostic, Inc. ("Sun State") and Continental Consulting, Inc. ("Continental") (collectively, "Defendants") (DE # 491) is **GRANTED** as follows:

1.     The Answer filed by Defendants Mikhail Palterovich, Sun State Diagnostic, Inc. and Continental Consulting, Inc. is hereby stricken and default judgment as to liability is entered against these defendants; and

2.     Plaintiffs are awarded their attorneys' fees and costs reasonably incurred in connection with this Motion, and those fees and costs incurred as a result of Defendants' past and continued failure to respond to Plaintiffs' First Request to Produce, Defendants' failure to timely respond to Plaintiffs' interrogatories, Defendants' failure to cooperate in the scheduling of Mikhail Palterovich's deposition, and Defendants' failure

to attend the court ordered deposition and failure to comply with court ordered discovery.  Defendants Mikhail Palterovich, Sun State Diagnostic, Inc. and Continental Consulting, Inc. are jointly and severally liable for this award.  Plaintiffs may file a Motion to determine the amount of this award at any time up to thirty days after this case is closed as to all defendants.

  **DONE** and **ORDERED** in Chambers, in Miami, Florida, on October 23, 2007.

/s/ Andrea M. Simonton
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**All counsel of record**