UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 04-21402- CIV (HUCK/SIMONTON)

-------------------------------------------------------------------------

Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, and Northbrook Indemnity Company,

       Plaintiffs,

vs.

Mikhail Palterovich, Jake Palter, a.k.a. Jacob Palterovich, Dmitry Shteyman, a.k.a. Dmitry Grinberg, Vladimir Trintcher, Irina Shteyman, a.k.a. Irina Perekorenko, Isabelle Roig, a.k.a Isabelle Losardo, Pinchas Shapiro, Grigory Kliger, M.D., Mario LaPlume a.k.a Mario LaPlume Garbarino, M.D., Pierre M. Tallerie, D.C., Robert Piasio, D.C., Virginia Planas, D.C., William J. Moran, D.C., Alexander S. Fishman, Esq., S.H.P. Medical Rehabilitation Center, Inc., Sun State Diagnostic, Inc., Med Services Group, Inc., NMB Medical Group, Inc., Continental Consulting, Inc., Statewide Collections, Inc., Jack Byron, David Guenon, Justo Devilla, John Does 1 through 20, Jane Does 1 through 20 and ABC Corporations 1 through 20

       Defendants.

_____

**PLAINTIFFS' AND DEFENDANT GRIGORY KLIGER'S JOINT
MOTION TO DISMISS DEFENDANT GRIGORY KLIGER, M.D.
PURSUANT TO FED. R. CIV. P. 41(a)(2) AND MEMORANDUM OF LAW
IN SUPPORT THEREOF**

Plaintiffs, Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, and Northbrook Indemnity Company ("Plaintiffs"), by their attorneys, Stern & Montana, L.L.P., and Defendant Grigory Kliger, M.D. ("Kliger"), by his attorney Peter Sandberg, Esq., (hereinafter collectively referred to as the "Parties")

hereby file this agreed motion to dismiss Defendant Kliger pursuant to Fed. R. Civ. P. 41(a)(2). In support of this motion, the Parties state as follows:

## PROCEDURAL HISTORY

1.      On or about June 10, 2004, Plaintiffs filed their complaint, against defendants including *inter alia*, Defendant Kliger, alleging significant violations of (i) the United States Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, 1962(c)&(d) and 1964(c); (ii) Civil Remedies for Criminal Practices Act, Fla. Stat. §§ 772.104 and 772.11; (iii) Common Law Unjust Enrichment Founded on Violations of the Professional Service Corporations and Limited Liability Companies Act, Fla. Stat and (iv) Florida State common law. ("Complaint")

2.      On or about February 4, 2008, Plaintiffs reached a compromise with Defendant Kliger to fully resolve the Action.

3.      On or about February 27, 2008 settlements documents, including a Stipulation of Settlement, the terms of which are confidential, were fully executed between the Parties. At this Court's request, the Parties will tender a copy of the Stipulation of Settlement for *in camera* review.

3.      In that regard, the Parties agreed to dispose of the instant litigation as it relates to Defendant Kliger, conditioned upon Defendant Kliger's compliance with the terms of the Stipulation of Settlement between the Parties. A copy of the Stipulation of Voluntary Dismissal ("Stipulation") executed by the Parties is annexed to the Affirmation of Robin Pass ("Pass Aff.") in support of the instant application as Exhibits "A."

4.      For the reasons set forth herein and in accordance with the Parties' Stipulation, and Fed. R. Civ. P. 41(a)(2), Plaintiffs and Defendant Kliger respectfully request that this

Court dismiss all claims of Plaintiffs made in the above-entitled action against Defendant Kliger and all counterclaims, claims and defenses of Defendant Kliger against Plaintiffs with prejudice and without costs, disbursements or attorneys fess to either party, conditioned upon Defendant Kliger's compliance with the terms of the Stipulation of Settlement. The parties further request that this Court retain jurisdiction in connection with any and all matters concerning the interpretation and/or enforcement of the Stipulation of Settlement between the Plaintiffs and Defendant Kliger. For the Court's convenience, the Parties' proposed order of dismissal is annexed as Exhibit "B" to the Pass Aff.

5.      Pursuant to Local Rule 7.1(A)(3) of the United States District Court for the Southern District of Florida, the undersigned counsel hereby certifies that she has communicated with Peter Sandberg, Esq., counsel for Defendant Kliger and that he joins in the instant application.

<u>**MEMORANDUM OF LAW**</u>

Federal Rule of Civil Procedure 41(a)(2) permits the voluntary dismissal of an action by court order, on terms that the court considers proper. *See* Fed. R. Civ. P. 41(a)(2); *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001)(holding that in determining whether to allow a voluntary dismissal under Rule 41(a)(2), "the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate."); *Sobe News, Inc. v. Ocean Drive Fashions, Inc.*, 199 F.R.D. 377, 378 (S.D. Fla. 2001)(holding that when exercising its discretion to grant a voluntary dismissal, the

3

court should …. "impose such costs and attach such conditions to the dismissal as are deemed appropriate.").

A Federal Rule of Civil Procedure 41(a)(2) dismissal may be conditioned on terms proposed by the parties or *sua sponte* by the court. *See Brown v. Baeke*, 413 F.3d 1121 (10th Cir. 2005)(dismissal conditioned on some conditions proposed by the plaintiff, and others added by the court.). The imposition of terms and conditions upon a voluntary dismissal is a matter resting within the sound discretion of the court. *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001)("The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)."); *Sobe News, Inc. v. Ocean Drive Fashions, Inc.*, 199 F.R.D. 377, 378 (S.D. Fla. 2001)("The decision whether or not to grant such a dismissal is within the sound discretion of the district court."); *San Marco v. City of St. Petersburg*, 185 F.R.D. 679, 680 (M.D. Fla. 1999)(holding that in considering motion for voluntary dismissal, "court is vested with great discretion.").

In that regard, it is well settled that a party's compliance with the terms of a settlement contract may be a condition of dismissal. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381, 114 S.Ct. 1673, 1677 (U.S.Cal.,1994)("When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order."); *Bailey v. Potter,* 498 F.Supp.2d 320, 322 (D. D.C. 2007)("Specifically, the court

4

will impose as a condition of dismissal that the parties must comply with the terms of the settlement agreement as it was articulated to the court in 2001."); *Bragg v. Robertson,* 54 F.Supp.2d 653, 662 -663 (S.D.W.Va.,1999)("Under *Rule* 41(a)(2) a court has the authority to enforce a settlement agreement if it explicitly retains such authority in its dismissal order.").

At bar, as set forth above, Plaintiffs and Defendant Kliger have agreed to the dismissal of the instant action as it relates to Defendant Kliger conditioned upon Defendant Kliger's compliance with the terms of the Stipulation of Settlement. Such condition is appropriate under the well settled precedent cited above. Accordingly, Plaintiffs and Defendant Kliger respectfully request that this Court dismiss all claims of Plaintiffs made in the above-entitled action against Defendant Kliger and all counterclaims, claims and defenses of Defendant Kliger against Plaintiffs with prejudice and without costs, disbursements or attorneys fess to either party, conditioned upon Defendant Kliger's compliance with the terms of the Stipulation of Settlement. The parties further request that this Court retain jurisdiction in connection with any and all matters concerning the interpretation and/or enforcement of the Stipulation of Settlement between the Plaintiffs and Defendant Kliger.

Dated: Boca Raton, Florida
June 20, 2008

Respectfully submitted,

s/Robin Pass
Robin Pass (FL Bar No: 0739081)
r.pass@stern-montana.com
Stern & Montana, LLP
Attorneys for Plaintiffs
2255 Glades Road, Suite 236W
Boca Raton, FL 33431
Telephone:  561-989-8434
Facsimile:  561-989-8436

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of **PLAINTIFFS' AND DEFENDANT GRIGORY KLIGER'S JOINT MOTION TO DISMISS DEFENDANT GRIGORY KLIGER, M.D. PURSUANT TO FED. R. CIV. P. 41(a)(2) AND MEMORANDUM OF LAW IN SUPPORT THEREOF,** was served this 20th day of June, 2008, via U.S. Mail upon: See Attached Service List.

                              s/Robin Pass
                              Robin Pass (FL Bar No: 0739081)
                              r.pass@stern-montana.com
                              Stern & Montana, LLP
                              Attorneys for Plaintiffs
                              2255 Glades Road, Suite 236W
                              Boca Raton, FL 33431
                              Telephone:  561-989-8434
                              Facsimile:  561-989-8436

## SERVICE LIST

Robert Stern, Esq.
Robin Pass, Esq.
Stern & Montana, LLP
2255 Glades Road, Suite 236W
Boca Raton, FL 33431
Phone: (561) 989-8434
Fax: (561) 989-8436
**Attorneys for Plaintiffs**


Peter Sandberg, Esq.
Law Offices of Peter James Sandberg
451 Crescent Drive, Suite 17
Miami Springs, FL 33166
Fax: (305) 888-7424

481 South Drive
Miami Springs, FL 33166
Phone: (786) 357-8900
Fax: (305) 863-9294; (305) 863-9296
pjsandesq@yahoo.com
**Attorney for Defendant, Grigory Kliger, M.D.**

Dmitry Shteyman
150 Redwood Loop
Staten Island, NY 10309
Phone: (305) 682-1075
Fax: (786) 269-2164
Fax: (718) 621-9302
Cell: (718) 915-7275
**Appearing *Pro Se***

Mr. Mikhail Palterovich
#104'27' Tverskaya Street
Moscow, Russia
Russia Federation 125009

c/o Ms. Veronica Palterovich
25 Jenna Lane
Staten Island, NY 10304
**Appearing *Pro Se***

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 04-21402- CIV (HUCK/SIMONTON)

CONSENT CASE

----------------------------------------------------------------------------

Allstate   Insurance   Company,   Allstate   Indemnity
Company,   Deerbrook   Insurance   Company,   and
Northbrook Indemnity Company,

       Plaintiffs,

vs.

Mikhail Palterovich, Jake Palter, a.k.a. Jacob Palterovich,
Dmitry Shteyman, a.k.a. Dmitry Grinberg, Vladimir
Trintcher, Irina Shteyman, a.k.a. Irina Perekorenko,
Isabelle Roig, a.k.a Isabelle Losardo, Pinchas Shapiro,
Grigory Kliger, M.D., Mario LaPlume a.k.a Mario
LaPlume Garbarino, M.D., Pierre M. Tallerie, D.C.,
Robert Piasio, D.C., Virginia Planas, D.C., William J.
Moran, D.C., Alexander S. Fishman, Esq., S.H.P. Medical
Rehabilitation Center, Inc., Sun State Diagnostic, Inc.,
Med Services Group, Inc., NMB Medical Group, Inc.,
Continental Consulting, Inc., Statewide Collections, Inc.,
Jack Byron, David Guenon, Justo Devilla, John Does 1
through 20, Jane Does 1 through 20 and ABC
Corporations 1 through 20

       Defendants.

_____/

## AFFIRMATION IN SUPPORT OF PLAINTIFFS' AND DEFENDANT GRIGORY KLIGER'S JOINT MOTION TO DISMISS DEFENDANT GRIGORY KLIGER, M.D. PURSUANT TO FED. R. CIV. P. 41(a)(2)

Robin Pass, an attorney duly admitted to practice before the courts of the State of

Florida and the Southern District of Florida, hereby affirms under penalty of perjury as

follows:

1. I am an associate at the firm of Stern & Montana, LLP, attorneys for the Plaintiffs in the above-entitled action. I am fully familiar with the facts and circumstances set forth herein and submit this Affirmation in support of Plaintiffs' and Defendant Grigory Kliger M.D.'s ("Kliger"), joint agreed motion to dismiss Defendant Kliger pursuant to Fed. R. Civ. P. 41(a)(2).

2. On or about June 10, 2004, Plaintiffs filed their complaint, against defendants including *inter alia*, Defendant Kliger, alleging significant violations of (i) the United States Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, 1962(c)&(d) and 1964(c); (ii) Civil Remedies for Criminal Practices Act, Fla. Stat. §§ 772.104 and 772.11; (iii) Common Law Unjust Enrichment Founded on Violations of the Professional Service Corporations and Limited Liability Companies Act, Fla. Stat and (iv) Florida State common law. ("Complaint").

3. On or about February 27, 2008, Plaintiffs reached a compromise with Defendant Kliger to fully resolve the Action.

4. On or about February 27, 2008 settlements documents, including a Stipulation of Settlement, the terms of which are confidential, were fully executed between the Parties. At this Court's request, the Parties will tender a copy of the Stipulation of Settlement for *in camera* review.

5. In that regard, the Parties agreed to dispose of the instant litigation as it relates to Defendant Kliger, conditioned upon Defendant Kliger's compliance with the terms of the Stipulation of Settlement between the Parties. A copy of the Stipulation of Voluntary Dismissal ("Stipulation") executed by the Parties is annexed hereto as Exhibits "A."

2

6.  In accordance with the Parties' Stipulation and for the reasons set forth in the accompanying memorandum of law, Plaintiffs and Defendant Kliger respectfully request that this Court dismiss all claims of Plaintiffs made in the above-entitled action against Defendant Kliger and all counterclaims, claims and defenses of Defendant Kliger against Plaintiffs with prejudice and without costs, disbursements or attorneys fess to either party, conditioned upon Defendant Kliger's compliance with the terms of the Stipulation of Settlement. The parties further request that this Court retain jurisdiction in connection with any and all matters concerning the interpretation and/or enforcement of the Stipulation of Settlement between the Plaintiffs and Defendant Kliger.

7.  For the Court's convenience, the Parties' proposed order of dismissal is annexed hereto as Exhibit "B."

FURTHER AFFIANT SAYETH NAUGHT.

Dated _____

Robin Pass

STATE OF FLORIDA

COUNTY OF Miami-Dade

BEFORE ME, the undersigned authority, personally appeared Robin Pass, who is ____ personally known to me or has produced ____FL DL____ as identification, and being duly sworn, on oath, deposes and says that the facts contained in the foregoing **AFFIRMATION IN SUPPORT OF PLAINTIFFS' AND DEFENDANT GRIGORY KLIGER'S JOINT MOTION TO DISMISS DEFENDANT GRIGORY KLIGER, M.D. PURSUANT TO FED. R. CIV. P. 41(a)(2)** are true and correct to the best of her knowledge.

3

**SWORN TO AND SUBSCRIBED** before me this _18_ day of June, 2008.



NOTARY PUBLIC, STATE OF FLORIDA
My Commission Expires:

Notary Public State of Florida
Alexis Fernandez
My Commission DD712429
Expires 09/08/2011

4