UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-21402-CIV-HUCK/SIMONTON
CONSENT CASE

ALLSTATE INSURANCE CO., et al.,

    Plaintiffs,

v.

MIKHAIL PALTEROVICH, et al.,

    Defendants.
_____/

## ORDER

Presently pending before the Court is Plaintiffs' Motion for Sanctions Against Defendant Dmitry Shteyman (DE # 559). Mr. Shteyman has not filed a Response to this motion, and the deadline to respond expired on July 2, 2008 (DE # 561).[1] Based upon the parties' consent, this case is referred to the undersigned Magistrate Judge (DE # 278). Following a careful review of the record as a whole, it is hereby ORDERED that Plaintiffs' Motion is GRANTED; Dmitry's Shteyman's Answer shall be stricken, and default judgment shall be entered against him.

In a complaint filed on June 10, 2004, Plaintiffs alleged that Defendant Dmitry Shteyman and others organized and ran a long-standing fraudulent enterprise designed to steal money from automobile insurance companies by staging accidents and then submitting claims for medical services that were either unnecessary or never rendered at all (DE # 1). As set forth herein, Mr. Sheyman has persistently neglected his discovery

---

[1] As discussed in more detail below, the undersigned set a July 2, 2008 deadline for Mr. Shteyman to file a combined response to the instant motion as well as a related show cause order that had been issued by this Court on June 10, 2008 (DE # 561). The undersigned notes, however, that the ordinary deadline for filing a response to this motion under the Local Rules also passed on July 7, 2008.

obligations and ignored this Court's Orders. Based upon his bad faith discovery misconduct, which prejudiced Plaintiffs and cannot be adequately punished or deterred through the imposition of lesser sanctions, Mr. Shetyman's answer shall be stricken and a default judgment shall be entered against him as a sanction.

## I.  LEGAL FRAMEWORK FOR ANALYSIS

### A.  Sanctions for Failure to Comply with a Court Order

Pursuant to the Federal Rules of Civil Procedure, a party that "fails to obey an order to provide or permit discovery" is subject to a further order imposing sanctions which may include "striking pleadings in whole or in part" or "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b). In order to impose the extreme sanction of a default judgment under Federal Rule 37(b), the Court must find "(1) that the party exhibited a willful or bad faith failure to obey a discovery order; (2) that the moving party was prejudiced by that violation; and (3) that a lesser sanction would fail to punish the violation adequately and would not ensure future compliance with court orders." *Immuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 571 (S.D. Fla. 2001) (citing, *inter alia*, *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993)).

In addition, Rule 37(b) specifically provides:

> Instead of or in addition to [other sanctions], the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

B.  Sanctions for a Party's Failure to Attend Deposition

The gamut of sanctions available under Federal Rule 37(b) – including the striking of pleadings and the entry of a default judgment – are also at the Court's disposal to be imposed against a party who violates Federal Rule 37(d) by "fail[ing], after being served with proper notice, to appear for that person's deposition." *See also Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1126-27 (5th Cir. 1970) (affirming imposition of default judgment as a sanction under Rule 37(d) based upon a party's willful failure to attend three properly noticed depositions). The Eleventh Circuit Court of Appeals has indicated that the same findings required to impose a default judgment as a sanction under Rule 37(b) – namely, willful or bad faith noncompliance; prejudice to the opposing party; and no adequate, available lesser sanction – must also be present before a default judgment may be imposed as a sanction under Rule 37(d). *See United States v. Certain Real Property Located at Route 1, Bryant, Alabama*, 126 F.3d 1314, 1317-18 (11th Cir. 1997).[2]

Also, similar to Rule 37(b), monetary sanctions must be imposed, pursuant to Rule 37(d), on any party who fails to appear at deposition, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

---

[2] Because, as discussed in more detail below, Mr. Shteyman has flouted this Court's Orders in addition to failing to appear for his depositions, it is not necessary to ponder the question of whether the requisite finding of "willful, bad faith noncompliance" can be met in the absence of a violation of a prior order. *See United States v. Certain Real Property*, 126 F.3d at 1317-18 ("The government correctly notes that Rule 37, on its face, does not require that a court formally issue an order compelling discovery before sanctions are authorized. . . . The government has neither cited nor alleged the existence of decisional law from this circuit upholding Rule 37 sanctions in the absence of a court order compelling discovery.").

## II.     BACKGROUND

Over the course of the past two years, Mr Shteyman has consistently failed to appear at depositions which have been properly noticed by Plaintiffs and which this Court has ordered him to attend.

Defendant's initial court-ordered deposition occurred on March 29-31, 2006 (DE # 394). After it became apparent that the deposition could not be completed due to the voluminous amount of material to be covered, Mr. Shteyman agreed that it would be necessary to conduct additional depositions, which the parties agreed would take place sometime in March 2007 (DE # 559, Ex. B). Mr. Shteyman selected March 15, 2007, and Plaintiffs noticed the deposition to take place on that day (DE # 559 at 15 ¶ 16). Mr. Shteyman requested to postpone his March 15, 2007 deposition until April 5, 2007. Plaintiffs agreed to re-notice his deposition (DE # 559 at 16 ¶ 7; DE # 559, Ex. D), and Mr. Shteyman nevertheless failed to appear (DE # 559, Ex. E).

In a subsequent Order, this Court required Mr. Shteyman to appear for deposition in August 2007, upon receiving proper notice from Plaintiffs (DE # 479). Mr. Shteyman selected August 2, 2007 (DE # 559 at 16 ¶ 11); Plaintiffs noticed the deposition for that day (DE # 559, Ex. G); and, Mr. Shteyman again failed to appear (DE # 559, Ex. H).

The Court then required Mr. Shteyman to attend his deposition in October 2007 (DE # 508), which was extended until December 2007 (DE # 514). Notably, the undersigned set Mr. Shteyman's deposition to occur no later than December 2007 based on the expectation that this case – which commenced in June 2004 – would "be set for trial to commence in **August or September 2008**;" and, ordered the parties to "govern themselves accordingly" (DE # 514 at 3-4). That Order also established a

February 4, 2008 discovery deadline and a May 1, 2008 dispositive motions deadline (DE # 514).

Notwithstanding this Court's Order that his deposition occur in December 2007, Mr. Shteyman requested that his deposition again be re-set for February 1, 2008 (DE # 559 at 17 ¶ 14), and Plaintiffs agreed to notice the deposition for that date (DE # 559, Ex. K).  As the February 1, 2008 deposition approached, Mr. Shteyman indicated his intent to compromise in an attempt to reach a settlement in this case.  After Plaintiffs once again agreed to adjourn his deposition in the hopes of reaching a mutual resolution of this matter, Mr. Shteyman completely broke off contact with Plaintiffs (DE # 559 at 17 ¶¶ 15-16), ignoring all of Plaintiffs' subsequent voice mails and correspondence (DE # 559, Exs. L-M).

Thus, based upon Mr. Shteyman's refusal to appear for his deposition and his violation of this Court's Orders requiring his attendance, the undersigned required him to file an affidavit to show cause why a default judgment should not be entered against him as a sanction for his discovery misconduct ("Show Cause Order") (DE # 557).  Soon thereafter, Plaintiffs filed the instant motion (DE # 559), and Mr. Shteyman was ordered to file a joint response to the Show Cause Order as well as Plaintiffs' Motion for Sanctions.  The Order requiring a joint response specifically advised Mr. Shteyman that "his failure to respond by July 2, 2008 as required by this Order may result in the imposition of sanctions against him, including the striking of his Answer and the entry of a default judgment against him, in addition to monetary penalties" (DE # 561).  Defendant has not filed a Response as required.

### III.     STRIKING DEFENSES AND DEFAULT JUDGMENT

Mr. Shteyman's repeated failure to attend his depositions provide two independent grounds for sanctions based on the same underlying conduct: First, his non-appearances at his depositions on April 5, 2007 and August 2, 2007 – which were properly noticed by Plaintiffs – are sanctionable under Rule 37(d) in their own right. Second, his failure to attend his depositions on August 2, 2007 and February 1, 2008 are sanctionable under Rule 37(b), because he violated this Court's Orders to appear at those depositions.[3] The combination of these acts within the context of Mr. Shteyman's conduct in the context of this case as a whole warrant the imposition of sanctions in the form of a default judgment.

#### 1.     Willful, Bad Faith Misconduct

The Court finds that Mr. Shteyman's failure to attend numerous scheduled depositions was not an innocent oversight, but rather part of a pattern of willful and bad

---

[3] In the past, the undersigned on occasion ordered Mr. Shteyman to attend depositions by a date certain, but permitted the parties to agree upon a later, mutually-agreeable date. The undersigned expressly notes that the sanctions imposed here are not based on the parties' agreements to schedule depositions beyond the dates set in those Orders. Rather, these sanctions are based on Mr. Shteyman's failure to appear for his depositions *at all*. While Plaintiffs previously agreed to meet Mr. Shteyman's scheduling demands, Mr. Shteyman's recent absence is a horse of different color. While Plaintiffs agreed to temporarily put off the deposition to facilitate settlement negotiations, they certainly did not agree to Mr. Shteyman's unilateral decision to do neither. In the five months since Mr. Shteyman has gone *incommunicado*, the discovery deadline and the dispositive motions deadline have passed; and, the trial is now imminent based upon the court's stated intention to set this trial for August or September. Thus, while the undersigned has approved mutually agreeable extensions of time to conduct depositions in the past, Mr. Shteyman's most recent round of silence does not constitute a reasonable departure from this Court's Order that he appear for deposition in December 2007. The undersigned thus concludes that Mr. Shteyman violated the Court's Order requiring his attendance at his deposition in December 2007. In addition, although the parties were permitted to agree to *extend* the deposition deadlines established in prior Orders, Mr. Shteyman's failure to appear for his deposition *at all* constitutes a violation of those orders as well (DE ## 479, 508, 514).

faith disobedience of Court Orders as well as his discovery obligations.  First, despite being given a reasonable opportunity, Mr. Shteyman has chosen not to respond to this Court's Show Cause Order or to the instant Motion for Sanctions, even though he was specifically ordered to do so (DE ## 557, 561).  This suggests that there is no good-faith explanation for his perpetual failure to comply with the Orders requiring that he appear for his properly noticed depositions.

Second, the frequency with which Mr. Shteyman has shirked his obligation to appear at his deposition militates against a finding of good faith.  In this regard, the undersigned adds that this is not a case where Mr. Shteyman missed a series of depositions that Plaintiffs strategically and unilaterally noticed at inconvenient times or on short notice; rather, both Plaintiffs and the undersigned made every reasonable effort to accommodate Mr. Shteyman's schedule by permitting multiple delays and continuances at his request, and even allowing Mr. Shteyman to choose the dates and times for his depositions.  Finally, after delaying or failing to appear at five separately scheduled depositions, it defies common sense to conclude that there is a good-faith rationale to explain why Mr. Shteyman would contact Plaintiffs' counsel on the eve of his latest deposition to request an adjournment in order to conduct settlement negotiations, and then doggedly avoid Plaintiffs' attempts to contact him for over five months, until the present day.  *See Reed v. Fulton County Gov't*, 170 Fed. Appx. 674, 675-76 (11th Cir. 2006) (affirming dismissal after finding that a party's failure to attend his deposition "[d]espite numerous attempts by" the opposing party "to schedule a deposition, and the court's order compelling his attendance . . . demonstrates [his] willful disregard for the court's order"); *Shawmut Boston Int'l Banking Corp. v. Duque-Pena*, 767 F.2d 1504, 1507 (11th Cir. 1985) (affirming default judgment against defendant for failing to appear at

numerous depositions because "his flouting of the district court's authority and [the plaintiff's] right to depose him furnished adequate proof that he acted willfully"); *Mishkin v. Jeannine Gurian Trust No. One*, No. 06-80489-CIV-RYSKAMP/VITUNAC, 2008 U.S. Dist. LEXIS 20038, at *9-11 (S.D. Fla. Mar. 12, 2008) (imposing default judgment as a sanction for a party's failure to comply with Court Orders and failing provide a credible reason to explain her non-appearance at her deposition).

      B.      <u>Prejudice to the Moving Party</u>

In this case, the prejudice to Plaintiffs as a result of Mr. Shteyman's refusal to appear for his depositions is clear. After two years of tirelessly rescheduling Mr. Shteyman's deposition dates to suit his whims, Plaintiffs are facing a trial that is expected to begin in one to two months without the benefit of the deposition testimony which Mr. Shteyman promised to provide, and which Plaintiffs are entitled to have. The discovery and dispositive motions deadlines have passed since Mr. Shteyman last communicated with Plaintiffs and requested to put off his deposition in order to settle this case (DE # 514). Considering the fact that Mr. Shteyman has ignored Plaintiffs' efforts to contact him over the past five months, and has demonstrated his willingness to ignore the Court's Orders, it seems unlikely that Plaintiffs will ever obtain this testimony, and the record strongly suggests that this was Mr. Shteyman's plan all along.

Moreover, Plaintiffs have suffered prejudice by having been denied the ability to promptly resolve their claims against Mr. Shteyman. *See* Fed. R. Civ. P. 1 ("These rules . . . should be construed and administered to secure the just, *speedy*, and inexpensive determination of every action") (emphasis added). In some cases, the speedy resolution of a case may be compromised for the sake of ensuring a just result or sparing some expense; in this case, however, Mr. Shteyman's unreasonable and unjustified refusal to

attend deposition and comply with the Court's Orders *hindered* the just resolution of this cause and *increased* the cost of the proceedings to all concerned. In addition to the monetary costs associated with Mr. Shteyman's gamesmanship, the effort and human resources that Plaintiffs have invested in attempting to cajole Mr. Shteyman into complying with the Federal Rules and the Orders of this Court could surely have been spent on more fruitful endeavors, such as preparing their case against one of Mr. Shteyman's many co-defendants (DE # 512 at 9).

In sum, Plaintiffs have been prejudiced by Mr. Shteyman's breach of his discovery obligations and this Court's Orders because the discovery and dispositive motions deadlines have passed long ago; and, as the trial date approaches, it is becoming apparent that Mr. Shteyman does not appear to be willing to submit to discovery at all. Second, the years of unjustified delays in providing his deposition testimony have denied Plaintiffs the opportunity to reach an efficient resolution of this matter, resulting in unnecessary wastes of money, energy and time.

    C.    <u>No Alternative Available Less Severe Sanction</u>

A lesser sanction than a default judgment would fail to adequately punish Mr. Shteyman; ensure his future compliance with court orders; and deter others from committing similar acts of misconduct. First, there is no reason to believe that Mr. Shteyman will adapt his behavior in accordance with a future Court Order because he has already failed to comply with this Court's Orders requiring him to appear for depositions in August 2007 (DE # 479); October 2007 (DE # 508); and December 2007 (DE # 514); as well as the Orders requiring him to file an affidavit to show cause why a default judgment should not be entered against him (DE # 557); and to file a response to the Show Cause Order and Plaintiffs' Motion for Sanctions before July 2, 2008 (DE #

9

561). In the final two Orders, Mr. Shteyman was specifically warned that his failure to comply by failing to provide an affidavit and to respond "may result in a subsequent order striking his answer and entering a default judgment against him," (DE # 557); and that he may be subject to sanctions, "including the striking of his Answer and the entry of a default judgment against him, in addition to monetary penalties" (DE # 561).

If the express threat of the extreme sanction of a default judgment is not enough to convince Mr. Shteyman to obey Court Orders and accept his responsibility to participate in discovery, it is doubtful that lesser sanctions would be any more effective. In the context of this case as a whole, Mr. Shteyman has failed to take advantage of any one of numerous opportunities to correct – or at least to explain – his wayward behavior over the past two years. Plaintiffs and this Court have been generous with their time and patience, but it is not the responsibility of Plaintiffs or this Court to drag Mr. Shteyman, "kicking and screaming[,] through discovery." *Carlucci v. Piper Aircraft Corp.*, 102 F.R.D. 472, 489 (S.D. Fla. 1984).

### IV. MONETARY SANCTIONS

There is no dispute that Mr. Shteyman's actions, set forth above, constitute violations of Federal Rules 37(b) and 37(d) and monetary sanctions are, therefore, mandatory unless his failure to comply with the Court's Orders and to attend deposition were "substantially justified" or circumstances are present that "make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); 37(d)(3).

First, there is no question that Mr. Shteyman's decision not to appear at properly noticed depositions as ordered is not substantially justified. Nor are there any circumstances that make the award of monetary sanctions unjust. In this regard, the undersigned notes again that Mr. Shteyman was ordered to respond to this Court's

10

Show Cause Order and Plaintiffs' Motion for Sanctions, for the purposes of explaining his intransigence in the face of his discovery obligations and Court Orders, but he failed to do so (DE # 561).

Thus, Mr. Shteyman has not offered any justification for his conduct and there is nothing in the record to suggest that a reasonable person would conclude that it was appropriate for him to fail to appear at his properly noticed depositions on April 5, 2007 and August 2, 2007.  See *Maddow v. Procter & Gamble Co.,* 107 F.3d 846, 853 (11th Cir. 1997) ("Substantially justified means that reasonable people could differ as to the appropriateness of the contested action.") (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Moreover, even if the undersigned were to assume, contrary to the facts, that Mr. Shteyman rescheduled his February 1, 2008 deposition out of a genuine desire to settle, his subsequent avoidance of any communication with Plaintiffs over five months while the discovery and dispositive motions deadlines passed exceeds the bounds of a substantial justification for violating this Court's Orders that he appear for his deposition (DE ## 479, 508, 514).  *Id.*

Simply stated, the record is devoid of any fact that justifies Mr. Shteyman's behavior which, for all the reasons listed above, leads the Court to the inexcapable conclusion that his misconduct was carried out in bad faith; that it prejudiced Plaintiffs; and that it cannot be cured or deterred except by the most extreme sanctions possible. He is therefore liable for the expenses, including attorney's fees and costs, that Plaintiffs incurred as a result of his discovery abuses and violation of Court Orders.  It is, accordingly,

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Sanctions Against

Defendant Dmitry Shteyman (DE # 559) is **GRANTED** as follows:

1. The Answer filed by Defendant Dmitry Shteyman is hereby stricken and default judgment as to liability is entered against him.

2. Plaintiffs are awarded their attorney's fees and costs reasonably incurred in connection with this Motion, and those fees and costs incurred as a result of Defendants past and continued failure to appear for properly noticed depositions, in contravention of this Court's Orders.  Plaintiffs may file a Motion to determine the amount of this award at any time up to thirty days after this case is closed as to all defendants.

**DONE AND ORDERED** in chambers in Miami, Florida on July 12, 2008.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
All counsel and *pro se* parties of record