**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 04-21402-CIV-HUCK/SIMONTON**
<u>**CONSENT CASE**</u>

**ALLSTATE INSURANCE CO., et al.,**

    **Plaintiffs,**

**v.**

**MIKHAIL PALTEROVICH, et al.,**

    **Defendants.**

_____/

<u>**ORDER GRANTING PLAINTIFFS' MOTION TO DETERMINE INTEREST AND**</u>
<u>**FOR FINAL JUDGMENT AGAINST DEFENDANT GRIGORY KLIGER, M.D.**</u>

Presently pending before the Court is Plaintiffs' Motion to Determine Interest and for Final Judgment Against Defendant Grigory Kliger, M.D. (DE # 593). This matter is referred to the undersigned Magistrate Judge based upon the parties' consent (DE # 278). The deadline to file a timely response expired on December 18, 2009 and none has been filed to date. Based upon a careful review of the record and for the reasons stated herein, Plaintiffs' Motion is granted.

I. <u>Background</u>

In a complaint filed on June 10, 2004, Plaintiffs alleged that Defendant Kliger and others participated in a sprawling, four-year long conspiracy to defraud them, and other insurance companies like them, by staging automobile accidents and operating sham medical clinics that submitted insurance claims for testing and treatment that were never rendered or medically unnecessary, in violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, 1962 and 1964 (Counts I, III-IV, VI); Common Law Fraud (Count VIII); as well as the Florida Civil Remedies for Criminal Practices Act, Fla. Stat. §§ 772.104 and 772.11 (Counts IX-X); and,

Plaintiffs sought injunctive relief (Count XI) and declaratory judgments (Counts XII-XIV) in addition to monetary damages (DE # 1).

On June 20, 2008 the parties filed a joint motion to dismiss Plaintiffs' claims against Defendant Kliger pursuant to Federal Rule of Civil Procedure 41(a)(2), based upon the parties' settlement agreement.  The Court issued an Order of Dismissal of Plaintiffs' claims against Defendant Kliger with prejudice, and expressly retained jurisdiction to enforce the settlement agreement (DE # 564).

The settlement agreement provided that Defendant Kliger was required to pay Plaintiffs a total of $190,000, consisting of a $40,000 payment on or before March 4, 2008, a $30,000 payment on or before April 19, 2008 and a $10,000 payment every month thereafter, until February 19, 2009 (DE # 576, Ex. A at 9).  Defendant Kliger entered an Affidavit of Confession of Judgment in connection with the settlement, which acknowledges his indebtedness to Plaintiffs for $190,000 (DE # 576, Ex. A at 26-30).

The agreement further provided that, if Defendant Kliger neglected to make a timely payment, Plaintiffs had to serve him with a notice of default; and, if Defendant Kliger failed to respond by making the payment within 5 days of receiving the notice, the entire remaining amount became due immediately, together with accrued interest, court costs and reasonable attorneys' fees.  Defendant Kliger agreed that, in the event of his breach, Plaintiffs would be immediately entitled to the entire unpaid amount without the need for further notice or hearings; and, that Plaintiffs would be permitted to seek the entry of a final judgment against Defendant Kliger based on his Confession of Judgment, without the opportunity to assert any defense to the payment of the amount of money he owed Plaintiffs under the Confession of Judgment (DE # 576, Ex. A at 10-11).

In Plaintiffs' June 12, 2009 motion to enforce the settlement agreement, vacate

dismissal and enter judgment against Kliger, Plaintiffs' counsel averred that Defendant Kliger had defaulted on his payment obligations in November 2008; that Plaintiffs had served him with notice of the default in February 2009; that Defendant Kliger had failed to respond to the notice of default; and, that Defendant Kliger currently owed Plaintiffs $60,000 (plus interest, court costs and reasonable attorneys' fees) pursuant to the terms of the settlement agreement (DE # 576, Ex. A at 3-4).

This Court subsequently granted Plaintiffs' motion, vacated the Order of Dismissal as to Defendant Kliger, and stated that a final judgment in the amount of $60,000 plus interest and attorneys' fees and costs shall be issued in favor of Plaintiffs and against Defendant Kliger, and gave Plaintiffs until September 30, 2009 to file a Motion to Determine Interest and Attorneys' Fees (DE # 586).[1]

II. The Instant Motion

Plaintiffs request that this Court enter a Final Judgment in the amount of $60,000.00 plus prejudgment interest and postjudgment interest as mandated by law.[2]

A. Prejudgment Interest

Plaintiffs state that in the Stipulation of Settlement, Kliger agreed to pay interest at the statutory rate as governed by the laws of the State of Florida on any amounts remaining unpaid at the time of his default. *See* DE # 593 at 5, *citing* Ex. A to DE # 576. Kliger defaulted on November 20, 2008, owing $60,000.00 to Plaintiffs. *See* DE # 593 at 5, *citing* DE # 586. Plaintiffs submit that Florida's interest rate should be applied to the $60,000.00 which Kliger owed to Plaintiff, calculated from November 8, 2008 through

---

[1] On August 31, 2009, the undersigned granted Plaintiffs' motion to enlarge the time to file the motion to enter a final judgment against Kliger (DE # 589).

[2] Plaintiffs do not seek an award of attorney's fees and costs against Kliger.

3

January 8, 2010, the date upon which final judgment is entered (DE # 593 at 5).  Plaintiff asserts that the 2008 interest rate established pursuant to Fla. Stat. § 55.03 is 11% per year or .0003014 per day, or $18.08 per day for the forty-two day period from November 20, 2008 through and including December 31, 2008, totaling $759.36 of interest for 2008 (DE # 593 at 5-6).  Plaintiff asserts that the 2009 interest rate established pursuant to Fla. Stat. § 55.03 is 8% per year for a total of $4,800.00 for 2009 (DE # 593 at 5-7).  The 2010 interest rate established pursuant to Fla. Stat. § 55.03 is 6% per year or .0001644 per day, or $9.86 per day for the seven day period from January 1, 2010 through and including January 7, 2010, totaling $69.02 of prejudgment interest for 2010. *See* Florida Department of Financial Services, Statutory Interest Rates, *available at* http://myfloridacfo.com/aadir/interest.htm (last accessed January 7, 2010).

Thus, the total amount of prejudgment interest awarded is $5,638.38, representing $759.36 plus $4,800.00 plus $69.02.

II.  Postjudgment Interest

Plaintiffs assert that postjudgment interest should be awarded pursuant to 28 U.S.C. § 1961, which is calculated as "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."  (DE # 593 at 7-8).  This rate for the week ending January 1, 2010 is 0.47%, which is therefore the applicable yearly postjudgment interest rate.  *See* Federal Reserve One-Year Constant Maturities, *available at* http://www.federalreserve.gov/releases/h15/current/ (last accessed January 7, 2010).

Therefore, based upon a careful review of the record as a whole and for the reasons stated herein, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Determine Interest and for

4

Final Judgment Against Defendant Grigory Kliger, M.D. (DE # 593), is **GRANTED**.  The

Court will enter a final judgment against Defendant Grigory Kliger, M.D. and in favor of

Plaintiffs in the amount of $65,638.38, consisting of $60,000.00 owed to Plaintiffs from

the breached settlement agreement plus $5,638.38 in prejudgment interest, with

postjudgment interest accruing at a rate of 0.47% per year.

       **DONE AND ORDERED** in chambers in Miami, Florida on January 8, 2010.

_Andrea M. Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
All counsel and *pro se* parties of record

5